UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.

CR 19-217 ECT

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INFORMATION** |
| Plaintiff, | 18 U.S.C. § 981(a)(1)(C) |
| v. | 18 U.S.C. § 1343 |
| NOKOMIS SHOE SHOP, INC., | |
| Defendant. | |

THE UNITED STATES ATTORNEY CHARGES THAT:

## BACKGROUND

1. In order to provide uniforms to postal employees, the United States Postal Service's Labor Relations Systems administers the Uniform Allowance Program ("UAP"). The UAP allows more than 385,000 U.S. postal employees to purchase uniforms and other Postal Service-approved clothing items from licensed vendors using a pre-filled debit card.

2. The U.S. Postal Service seeks to ensure that funds dispersed through the UAP are used for uniforms and authorized clothing items only. In order to participate in the program, uniform vendors must complete a Postal Service Form 2458 ("Form 2458"), Uniform Vendors License Code of Ethical Conduct. The first condition listed on the Form 2458 states, "This licensing agreement covers the uniform items identified in Appendix A which will be forwarded with the vendor license. The vendor must purchase from certified Postal Service manufacturers only, and sell to Postal Service employees only those uniform items in the appendix that have been authorized by the Postal Service for uniform wear

SCANNED
AUG 16 2019
U.S. DISTRICT COURT MPLS

according to employee craft. Those uniform items must have been made in accordance with specifications issued by, or on behalf of, the Postal Service." Appendix A contains a list of postal uniform or Postal Service-approved items that may be sold by vendors to Postal Service employees pursuant to the UAP. Uniform vendors must sign the Form 2458, thereby agreeing to the conditions of the licensing agreement. The Form 2458 indicates that the Postal Service may pursue any remedies for violation of the terms and conditions of the licensing agreement, including criminal charges for false or fraudulent claims or written statements.

3. Eligible postal employees receive a debit card called a Uniform Allowance Purchase Card ("UAPC") to purchase clothing from a licensed uniform vendor. The U.S. Postal Service loads the UAPCs with an annual allowance, which corresponds to an employee's position with the U.S. Postal Service. Each year, employees receive a uniform allowance, and any remaining balance from the previous year's allowance is returned to the U.S. Postal Service. Postal Service employees may only use their UAPCs to purchase the approved job-related items of clothing listed on Appendix A to the Form 2458.

4. Citibank administers the UAPCs for the U.S. Postal Service. In order to purchase items from licensed postal uniform vendors, a postal employee presents his or her UAPC to the vendor. The vendor electronically submits a payment request to Citibank using the employee's UAPC, which is transmitted by wire to Citibank vendor Total Systems Services, Inc. (TSYS) in Columbus, Georgia. Citibank reimburses the vendor and submits an invoice to the Postal Service's Uniform Allowance Database, which is maintained at the St. Louis, Missouri Accounting Service Center (ASC). The expense is

deducted from the employee's uniform allowance and the ASC transmits payment to Citibank.

5. Nokomis Shoe Shop, Inc. ("Nokomis") is a family-run business that sells a wide selection of brand name work and outdoor footwear and clothing in Minneapolis and Crystal, Minnesota. Nokomis is registered in the state of Minnesota, and it is owned and operated by Chief Executive Officer Steven Negaard. Nokomis has been a licensed postal uniform vendor since at least 1970, holding License Number 17948.

## COUNT 1
### (Wire Fraud)

6. The United States Attorney re-alleges and incorporates paragraphs 1 through 5 as if fully set forth herein.

7. In or about April 2013 and continuing thereafter until in or about May 2016, in the state and District of Minnesota and elsewhere, the defendant,

**NOKOMIS SHOE SHOP, INC.,**

did devise and intend to devise a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

8. It was a part of the scheme to defraud that during each year relevant to this Information, Negaard, or other representatives of Nokomis, signed and submitted Nokomis's agreement to the terms of the UAP to the U.S. Postal Service on the Form 2458.

9. As a part of the scheme to defraud, Nokomis did not stock or sell any postal uniforms or other clothing manufactured by certified Postal Service manufacturers, as is

required by the terms of the UAP. Nonetheless, during the time period relevant to the Information, U.S. Postal Service employees conducted transactions at Nokomis, during which they used their UAPCs to purchase unauthorized merchandise using U.S. Postal Service funds totaling $122,632.44. The transactions were electronically submitted and fulfilled through the process described in Paragraph 4 of this Information.

10. As a part of the scheme to defraud, and in direct contradiction to the terms in the Forms 2458, Nokomis employees, including Negaard, agreed to sell unauthorized items to U.S. Postal Service employees using UAPCs so long as the items could theoretically be worn to work for the U.S. Postal Service.

11. On or about April 21, 2016, in the state and District of Minnesota and elsewhere, the defendant,

**NOKOMIS SHOE SHOP, INC.,**

for the purpose of executing the above-described scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of interstate wire certain writings, signs, signals, pictures and sounds, including the submission of a payment request to Citibank for the purchase of a parka jacket that was not authorized to be purchased under the UAP using U.S. Postal Service employee G.P.'s UAPC, which was transmitted by interstate wire to Citibank vendor TSYS.

12. All in violation of Title 18, United States Code, Section 1343.

United States v. Nokomis Shoe Shop, Inc.

## **FORFEITURE ALLEGATIONS**

13.     Count 1 of this Information is hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

14.     Upon conviction of Count 1 of the Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1343.

15.     If any of the above-described property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Dated: *August 15, 2019*

ERICA H. MacDONALD
United States Attorney

BY: Manda M. Sertich
Assistant U.S. Attorney
Attorney ID No. 4289039